UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0069 (PJS/LIB) |
| | Case No. 17-CV-4871 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| ABRAHAM MAADA LAMIN, | |
| Defendant. | |

Abraham Maada Lamin, pro se.

Defendant Abraham Lamin pleaded guilty to armed bank robbery.  *See* ECF Nos. 17-18.  At sentencing, the parties disputed whether Lamin was a career offender for purposes of § 4B1.1 of the United States Sentencing Guidelines.  The parties agreed that his 2009 conviction for first-degree aggravated robbery qualified as a "crime of violence" for purposes of § 4B1.1, but the parties disagreed about whether Lamin's two prior convictions for second-degree burglary also qualified.  *Compare* ECF No. 26 at 1, *with* ECF No. 30 at 6-8.  The Eighth Circuit had held that second-degree burglary of a commercial building was a crime of violence under the residual clause of the career-offender guideline.  *See, e.g.*, *United States v. Bell*, 445 F.3d 1086, 1090 (8th Cir. 2006); *United States v. Hascall*, 76 F.3d 902, 904 (8th Cir. 1996).  But the Supreme Court had found that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—and, at the

time that Lamin was sentenced in October 2015, the Supreme Court had not yet decided whether the residual clause of the career-offender guideline was also unconstitutionally vague.

At sentencing, the Court found that Lamin's two convictions for second-degree burglary were crimes of violence and therefore that Lamin was a career offender for purposes of § 4B1.1. *See* ECF No. 55 at 9:3-15:12. The Court did not rely on the residual clause of the career-offender guideline in finding that second-degree burglary in Minnesota was a "crime of violence." Instead, the Court relied on the enumerated-offenses clause and the Eighth Circuit's decision in *United States v. Stymiest*, 581 F.3d 759, 767-69 (8th Cir. 2009). The Court's finding that Lamin was a career offender increased Lamin's total offense level from 25 to 31, his criminal-history category from V to VI, and his guidelines range from 100 to 125 months to 188 to 235 months. *See* U.S.S.G. § 4B1.1(b)(2); ECF No. 45 ¶¶ 18-30, 51; ECF No. 55 at 15:19-24. The Court sentenced Lamin to 188 months in prison. ECF No. 42 at 2.

Lamin appealed, arguing that the Court had erred in finding that he was a career offender. Specifically, Lamin argued that his second-degree burglary convictions were not crimes of violence under the enumerated-offenses clause, that the language in *Stymiest* on which the Court relied was dicta, and that, if the *Stymiest* language was not dicta, *Stymiest* should be overturned. *See* Appellant's Brief at i, *United States v. Lamin*,

No. 15-3429 (8th Cir. Dec. 30, 2015). While Lamin's appeal was pending, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 890-97 (2017), that the Sentencing Guidelines were not subject to a void-for-vagueness challenge—and the Eighth Circuit followed up by holding in *United States v. Benedict*, 855 F.3d 880, 890 (8th Cir. 2017), that the crime of third-degree burglary in Minnesota was a crime of violence under the residual clause of the career-offender guideline.

The government asked the Eighth Circuit to summarily affirm Lamin's sentence in light of *Beckles* and *Benedict*. *See* Motion for Summary Affirmance, *United States v. Lamin*, No. 15-3429 (8th Cir. May 3, 2017). In response, Lamin's attorney admitted that the government's position was substantively correct, but said that Lamin had refused to drop his appeal. *See* Response to Government's Motion for Summary Affirmance, *United States v. Lamin*, No. 15-3429 (8th Cir. May 30, 2017). Lamin's attorney also moved for leave to withdraw from representing Lamin. *See* Motion To Withdraw as Counsel, *United States v. Lamin*, No. 15-3429 (8th Cir. May 30, 2017). On June 5, 2017, the Eighth Circuit summarily affirmed Lamin's sentence and granted the motion of his attorney to withdraw. *See* Judgment, *United States v. Lamin*, No. 15-3429 (8th Cir. June 5, 2017).

This matter is now before the Court on Lamin's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Lamin complains that the residual clause of the career-offender guideline is vague, citing the Supreme

Court's observation in *Johnson* that the residual clause of the ACCA had proven to be "'nearly impossible to apply consistently.'" *Johnson*, 135 S. Ct. at 2560 (quoting *Chambers v. United States*, 555 U.S. 122, 133 (2009) (Alito, J., concurring in judgment)). Lamin acknowledges that, under *Beckles*, he is foreclosed from arguing that the vagueness of the residual clause makes it unconstitutional. *See* ECF No. 59 at 4. But, Lamin says, because the residual clause is so vague, "the Court could not have correctly calculated and applied the guideline in accordance with the Mandate of *Gall v. United States*, 552 U.S. 38 (2007) making the sentence procedurally unreasonable." ECF No. 59 at 2.

There are two problems with Lamin's argument:

First, § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing" and "ordinary questions of guideline interpretation" generally "may not be re-litigated under § 2255," as long as the defendant's sentence does not "exceed[ ] the statutory maximum for the offense of conviction." *Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (en banc) (citations omitted). Lamin's 188-month sentence fell well below the 25-year statutory maximum for his offense. *See* 18 U.S.C. § 2113(a), (d). Under these circumstances, "any notion that [Lamin's] sentence as a career offender resulted in a miscarriage of justice because it was lacking in rudimentary fairness evaporates." *Sun Bear*, 644 F.3d at 706.

Second, Lamin's argument that it is impossible for a court to determine whether a particular conviction is a crime of violence for purposes of the residual clause of the career-offender guideline is belied by the fact that just over seven months ago, the Eighth Circuit held that a conviction for third-degree burglary in Minnesota "qualifies as a crime of violence under the residual clause of the guidelines" because "[a] person who commits third degree burglary creates a risk of a violent confrontation between himself 'and the occupant, the police, or another third party.'" *Benedict*, 855 F.3d at 890 (quoting *United States v. Cantrell*, 530 F.3d 684, 696 (8th Cir. 2008)); *see also Bell*, 445 F.3d at 1090 (holding that "any generic burglary," including the burglary of a commercial building, "is a felony that 'otherwise involves conduct that presents a serious potential risk of physical injury to another' within the meaning of § 4B1.2(a)(2)"); *Hascall*, 76 F.3d at 904 (holding that "second-degree burglary of a commercial building involves conduct that presents a serious potential risk of physical injury to another under the otherwise clause of section 4B1.2").

The bottom line is that Lamin has three convictions for crimes of violence under § 4B1.1:  one conviction for first-degree aggravated robbery (which Lamin has never denied is a crime of violence) and two convictions for second-degree burglary (which

are crimes of violence under *Benedict*, *Bell*, and *Hascall*[1]).  Lamin was correctly sentenced as a career offender, and he is not entitled to relief under § 2255.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant Abraham Lamin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 59] is DENIED.

2. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 5, 2017                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge

---

[1] Lamin was convicted of second-degree burglary, not third-degree burglary.  But the elements of the crimes are very similar—and, most importantly, the two crimes involve the exact same "'possibility that an innocent person might appear while the crime is in progress'" and thus the exact same "'possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander.'"  *Cantrell*, 530 F.3d at 695 (quoting *James v. United States*, 550 U.S. 192, 203 (2007)).